UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEVIN WILLIAMS, on behalf of himself and those similarly situated,

Plaintiff,

vs.

DOLPHIN TRANSPORTATION SPECIALISTS, INC.,

Defendant.

Case No.:

**COLLECTIVE ACTION COMPLAINT UNDER FAIR LABOR STANDARDS ACT AND DEMAND FOR JURY TRIAL**

Plaintiff, KEVIN WILLIAMS ("Plaintiff"), on behalf of himself and those other similarly situated employees, sues Defendant, DOLPHIN TRANSPORTATION SPECIALISTS, INC., ("Defendant"), and states:

**NATURE OF ACTION**

1. Plaintiff brings this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*.("FLSA").

2. This is an action for unpaid overtime compensation under the FLSA. Plaintiff alleges Defendant violated 29 U.S.C. § 207 of the FLSA by failing to pay Plaintiff and other similarly situated employees all wages owed.

3. Specifically, Defendant failed to compensate Plaintiff and other similarly situated employees for required work performed outside their recorded work hours, including but not limited to: time spent obtaining, inspecting, photographing, and preparing company vehicles; traveling to passenger pickup locations; arriving in

advance of scheduled pickups; returning company vehicles to Defendant's facility after completing their final assignments; and completing mandatory safety training.

## PARTIES

4. Plaintiff is a resident of Lee County, Florida, in the Middle District of Florida.

5. Defendant is a Florida corporation with its principal place of business located at 3963 Progress Avenue, Naples, FL 34104.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the FLSA.

7. The Middle District of Florida, Fort Myers Division, is the proper venue because Defendant's principal place of business is in Naples, Florida and this is where Defendant employed Plaintiff and other similarly situated drivers.

## FLSA COVERAGE

***Enterprise Coverage***

8. At all times material to this action, Defendant was Plaintiff's "employer," and Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

9. At all times material, Defendant employed at least two or more employees who handled, sold, or otherwise worked with goods or materials that had once moved through interstate commerce.

10. At all times material, Defendant had gross sales volume of at least $500,000 annually.

11. At all times material, Defendant was an "enterprise engaged in commerce" within the meaning of the FLSA.

***Individual Coverage***

12. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of the FLSA and was subject to individual coverage under the FLSA.

13. In performing his duties for Defendant, Plaintiff regularly transported passengers to and from airports and other locations as part of Defendant's passenger transportation business.

14. Defendant provides local, statewide, and interstate passenger transportation services.

15. Plaintiff's work was a regular and essential part of Defendant's passenger transportation operations.

**COLLECTIVE ACTION ALLEGATIONS**

16. Plaintiff and the putative collective members are current and past chauffeurs defined as follows:

> All current and former chauffeurs who worked for Dolphin Transportation in the State of Florida at any time from three (3) years preceding the filing of this action through the date of Court-authorized notice and who worked more than forty (40) hours in one or more workweeks without receiving overtime compensation for all hours worked.

17. At any given time, Defendant employs 100-150 chauffeur drivers in Florida.

18. Plaintiff and the putative collective members performed the same or similar job duties.

19. Plaintiff and the other chauffers regularly worked in excess of forty (40) hours in a workweek.

20. Plaintiff and the putative collective members were subject to the same or similar timekeeping and compensation policies and practices.

21. Plaintiff and the other chauffeurs were compensated through a combination of hourly and trip-based compensation. Defendant failed to include all compensable time worked in calculating Plaintiff's and the other chauffeurs' total hours worked, including required work performed before and after assigned passenger trips. As a result, Plaintiff and the other chauffeurs were not paid overtime compensation for all hours worked in excess of forty (40) in a workweek.

22. Plaintiff and the other similarly situated chauffeurs are owed for work performed "off the clock."

23. Plaintiff and the other similarly situated chauffeurs are owed overtime wages for all hours worked in excess of forty (40) hours.

24. The common policy or practice resulting in the overtime violations uniformly applied to Plaintiff and the similarly situated chauffeurs.

## FACTS

25. Defendant is engaged in the business of providing passenger transportation services, including airport transfers, chauffeured transportation, charter services, and shuttle services throughout Southwest Florida and elsewhere. Defendant provides local and statewide transportation services using a fleet of passenger vehicles operated by its chauffeurs.

26. In November 2025, Plaintiff was hired by Defendant as a chauffeur. Plaintiff remained employed in this position until July 2026.

27. As a chauffeur, Plaintiff was responsible for obtaining and preparing Defendant's vehicles for service, performing required pre-trip inspections, transporting passengers to and from assigned locations, monitoring passenger flight information, communicating with Defendant's dispatch personnel, waiting for passengers, and returning Defendant's vehicles to its facility after completing his assigned trips.

28. Plaintiff and the putative collective members routinely worked, on average, approximately 50 to 60 hours per week, sometimes more, sometimes less.

29. Plaintiff and the other chauffeurs recorded and reported their work activities through Defendant's electronic timekeeping and dispatch systems, including Samsara, Driver Schedule, and GroundPad.

30. Defendant did not permit Plaintiff and the other chauffeurs to record all time spent performing required work before, after, and between their assigned passenger trips, including time spent obtaining, inspecting, photographing, and preparing Defendant's vehicles; traveling to passenger pickup locations; arriving in advance of scheduled passenger pickups; waiting for passengers scheduled by Defendant; and returning Defendant's vehicles to Defendant's facility after their final assignments.

31. For example, before his first assigned passenger trip, Defendant required Plaintiff to report to Defendant's facility to obtain and prepare his assigned vehicle.

Plaintiff was required to inspect and photograph the vehicle before departing Defendant's facility and then travel in the company vehicle to the assigned passenger pickup location.

32. Defendant further required Plaintiff to arrive at the passenger pickup location approximately fifteen (15) minutes before the scheduled pickup time.

33. Defendant did not treat the required pre-trip time as compensable work time, even though Plaintiff was performing activities required by Defendant for Defendant's benefit.

34. Because Defendant required the chauffeurs to perform substantial work off the clock, Plaintiff and the putative collective members were not paid overtime wages for all hours worked in excess of forty (40) hours.

## STATEMENT OF CLAIM
## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

35. Plaintiff incorporates paragraphs 1-34 as though fully set forth herein.

36. Plaintiff and those similarly situated worked more than forty (40) hours in one or more workweeks.

37. Defendant failed or refused to compensate Plaintiff, and the other chauffeurs overtime wages calculated 1.5 times the regular rate for all hours worked.

38. Defendant violated 29 U.S.C. § 207 of the FLSA by failing to pay overtime wages to Plaintiff and similarly situated chauffeurs.

39. Defendant knew its policy and practice of failing to include time spent performing work before, after, and between passenger pickups violated the FLSA

overtime provisions. Defendant acted willfully or with reckless disregard of the FLSA because Defendant knew its practice violated the law and continued implementing the unlawful practice.

40. Defendant knew that Plaintiff and the other similarly situated chauffeurs performed required work outside of their recorded and compensated hours. Defendant nevertheless failed to include this compensable time in calculating their total hours worked and overtime compensation. Defendant's violations of the FLSA were willful.

41. Pursuant to 29 U.S.C. § 216(b), Plaintiff and those similarly situated seek unpaid overtime compensation plus liquidated damages in an equal amount.

WHEREFORE, Plaintiff respectfully requests the following relief on behalf of himself and those similarly situated chauffeurs:

a. Pursuant to 29 U.S.C. § 216(b), an order authorizing notice to the perspective putative collective members and providing them an opportunity to opt-in to the action.

b. A declaration that Defendant has violated the overtime provisions of 29 U.S.C. § 207;

c. Unpaid overtime wages;

d. Liquidated damages;

e. Attorney fees and costs pursuant to 29 U.S.C. § 216(b);

f. Any other relief this Court deems to be just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as of right.

/s/ Jason L. Gunter
Jason L. Gunter
Fla. Bar No. 0134694
Email: Jason@GunterFirm.com
Conor P. Foley
Fla. Bar No. 111977
Email: Conor@GunterFirm.com
Peter M. Jennings
Fla. Bar No. 1054512
Email: Peter@GunterFirm.com

**GUNTERFIRM**
2165 W. First St., #104
Fort Myers, FL 33901
Tel: 239.334.7017